UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY BRAY, | Case No. C11-994-RSM-JPD |
| Plaintiff, | |
| v. | |
| NARA PACIFIC ALASKA REGIONAL OFFICE, | REPORT AND RECOMMENDATION |
| Defendant. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action against defendant for allegedly switching "[his] [identification] to steal native Alaskan residential property benefits." Dkt. 1, Att. 1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1, Att. 1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Although plaintiff's proposed complaint filed on June 15, 2011 is largely undecipherable, plaintiff appears to be arguing that defendant discriminated against him by switching his identification, thereby depriving him of his residential property benefits and infringing on his civil rights. Dkt. 1, Att. 1. For example, plaintiff provides a copy of a completed online complaint form plaintiff submitted to the Office of the Inspector General at the United States Department of Justice, which alleges that defendant's employees "did not want oic.wa.gov to know that [plaintiff] was in the building, because the computer system would [have] found out that the people inside the building switched…my [identification] to steal native [A]laskan residential property benefits." *Id*. Plaintiff describes the relief he seeks from the Court as "100% everything." *Id.*, Att. 2.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(e), the district court must dismiss the case "at any time" it determines the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for

jurisdiction in this Court. *See* FRCP 8(a). Specifically, it is unclear what kind of "identification" plaintiff alleges the defendant switched. Plaintiff also fails to explain how any of defendant's employees directly participated in causing any harm of constitutional or statutory dimension. Although plaintiff has indicated in his application to proceed IFP that he "want[s] to own [his] property district," it is unclear whether he has any entitlement or claim to any residential property benefits, as those benefits are not identified in plaintiff's complaint. Dkt. 1. Finally, plaintiff's request for "100% everything" is unspecific and unclear. Dkt. 1, Att. 2. Accordingly, plaintiff has failed to state a claim against defendant, and his proposed complaint must be dismissed as frivolous.

The Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* FRCP 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing bar order requirements).

## IV. CONCLUSION

For all of the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1, Att. 1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

DATED this 27th day of June, 2011.

James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge